**Lynn Ray RICH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–104–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 22, 1992.

Discretionary Review Refused
May 6, 1992.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Asst. Chief of Appellate Section, Suzanne Emerson, Lindy Borchardt, and Charles M. Mallin, Asst. Dist. Attys., Fort Worth, for appellee.

Before HILL, MEYERS and DAY, JJ.

## OPINION

HILL, Justice.

Lynn Ray Rich appeals his conviction by the trial court of the offense of reckless conduct. The court assessed his punishment at 180 days in the Tarrant County jail and placed him on probation for twelve months.

In two points of error, Rich asserts that the trial court erred by considering the testimony of a child witness, and that the evidence is insufficient to support his conviction for the offense as alleged.

We affirm because Rich made no objection concerning the trial court's finding that the child witness was competent; the trial court did not abuse its discretion in considering the witness competent because the child's testimony indicated that he understood the nature and obligation of an oath and was therefore subject to prosecution for perjury or aggravated perjury; and because the trial was before the court, we may presume that the trial court did not consider any inadmissible testimony and there was admissible evidence other than the child's testimony that is by itself sufficient to support the conviction. Consequently, we also hold that the evidence as a whole is sufficient to support the conviction.

█ Rich contends in point of error number one that the trial court erred by considering the testimony of a child witness because the witness, in order to be competent to testify, must be subject to the laws of perjury.

One of the State's witnesses, a complainant in the case, was six and one-half years of age at the time of trial. The trial court examined the child pursuant to Rule 601 of the Texas Rules of Criminal Evidence to determine if he was a competent witness. The child told the court that he remembered certain events that occurred on June 29, 1990, that he remembered them on his own, and that he would try to tell the court the truth about them. He said that he knew the difference between a truth and a lie, explaining that a lie is when one is not telling the truth. He said that if he told the court that something happened on June 29 when it really did not happen that that would be a lie. He said that he had sworn to tell the truth, but that he did not know what it means to swear. The court explained to him that swearing is a solemn promise to tell the court nothing but the truth. The child said that he could tell the court exactly what happened. Rich made no objection at trial as to the competency of the witness.

We first note that Rich may not raise the issue of the competency of the child for the first time on appeal. *Lujan v. State*, 626

S.W.2d 854, 860 (Tex.App.—San Antonio 1981, pet. ref'd). Furthermore, we hold that the trial court did not abuse its discretion in finding that the child was a competent witness.

Rich urges that the child was incompetent because the child could not be prosecuted for perjury. TEX.PENAL CODE ANN. sec. 8.07(a)(1) (Vernon Supp.1992) provides, in effect, that a person younger than fifteen years of age may be prosecuted for perjury or aggravated perjury if he has sufficient discretion to understand the nature and obligation of an oath. We therefore hold that the trial court did not abuse its discretion in finding the child competent because the court's questioning of the child indicates that the child, by the time that the questioning was completed, understood the nature and obligation of the oath. Consequently, the child could be prosecuted for perjury or aggravated perjury and is therefore eligible to be a competent witness.

■ We also note that because this cause was tried before the court, we may presume that the trial court disregarded any inadmissible evidence admitted at trial. *Deason v. State*, 786 S.W.2d 711, 712–13 (Tex.Crim.App.1990). In such a situation, the defendant has the burden of proving that the trial court relied upon or considered the inadmissible evidence in reaching its verdict. *Id.* at 712. The conviction will not be reversed if other admissible evidence was admitted to sustain the judgment. *Id.* at 713.

■ We will therefore examine other evidence properly admitted and determine if that evidence is sufficient to support Rich's conviction. The complaint under which Rich was convicted alleged that Rich placed the child witness in imminent danger of serious bodily injury by swerving his automobile on two occasions toward an automobile in which the child was a passenger. The child's father, Sidney Joe Donnell, testified at trial. He related that after he and his son got in their vehicle, Rich, a neighbor, followed them onto a freeway where he, according to Donnell, "started flipping me off, shaking his fist, honking his horn and then it—started trying to swerve over into my lane." He said that the vehicles were traveling at about 55 miles per hour at the time of the incident. He indicated that Rich swerved at him a couple of times, and then tried to run him off the road. He gave his opinion that Rich was driving dangerously. On cross-examination, Donnell said that Rich swerved anywhere from four to five feet and that he crossed over the lane stripe. He indicated that when Rich did so that it forced him to cross the white line near the guardrail. He thought that at that time he was within three to four feet of the guardrail. Donnell testified that the incident occurred at about 4:30 or 5:00 o'clock and that the traffic was very heavy.

We find that Mr. Donnell's evidence standing alone is sufficient to support the conviction. We do not agree with Rich's argument that there is no evidence that the child was in imminent danger of serious bodily injury. One may reasonably conclude from the evidence that Rich was trying to force Donnell and his son off of a freeway at 55 m.p.h. in heavy traffic and that that conduct placed the child in imminent danger of serious bodily injury.

We also do not agree with Rich's contention, made for the first time on oral argument, that the evidence was insufficient to establish that Rich knew that the child was in the car, because Donnell testified that Rich was watching him and his son as they got in the car just prior to the occurrence in question. We overrule point of error number one.

Rich urges in point of error number two that the evidence is insufficient to support his conviction because there was no testimony that Donnell's son was in imminent danger of serious bodily injury. In our discussion of point of error number one we held that Donnell's testimony by itself was sufficient to show that his son was in imminent danger of serious bodily injury. It follows then that when one considers all of the testimony that the evidence is sufficient to support the conviction. We overrule point of error number two.

The judgment is affirmed.