IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,609-01; WR-68,609-02; WR-68,609-03; 


 WR-68,609-04; WR-68,609-05





EX PARTE GILBERT DE LOS SANTOS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 04-12-00186-CRK-A; 04-12-00182-CRK-A
; 04-12-00181-CRK-A; 


 04-12-00180-CRK-A;  04-12-00184-CRK-A

 IN THE 218TH DISTRICT COURT 

FROM KARNES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a
child in five causes and sentenced to ninety years' imprisonment for each cause. Cumulation orders were
entered resulting in a total sentence of 180 years' imprisonment. The Fourth Court of Appeals affirmed
his convictions. De los Santos v. State, 219 S.W.3d 71 (Tex. App.-San Antonio, 2006). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed
to timely notify Applicant that his convictions had been affirmed. 

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466 U.S.
608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial court shall provide appellate
counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel on appeal. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his convictions had been affirmed . The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: November 7, 2007

Do not publish