# MEMORANDUM OPINION

No. 04-07-00686-CR

Raul **CARRIZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 05-09-00048-CRL
Honorable Fred Shannon, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Alma L. López, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   June 11, 2008

AFFIRMED

Raul Carrizales was convicted by a jury of murder. On appeal, Carrizales asserts: (1) he received ineffective assistance of counsel; (2) the trial court erred by refusing to grant a mistrial in response to a remark made by the prosecutor during closing argument; (3) the trial court erred in admitting Carrizales's verbal statement; and (4) the trial court erred in admitting testimony that constituted improper bolstering. We affirm the trial court's judgment.

**BACKGROUND**

Carrizales drove to the house where his ex-fiancé, Abelinda Zamora, was living with her new boyfriend, Cresencio "Sonny" Vinton. Carrizales confessed to shooting Vinton one time after he saw Vinton grab for something while they were arguing. Evidence was presented that a rifle was located on the bed adjacent to the bed where Vinton was seated when Carrizales shot him. Vinton died as a result of the single gunshot.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his first issue, Carrizales contends trial counsel was ineffective because he failed to object to: (1) a statement by the prosecutor during opening statement regarding the jury's use of emotions or feelings; (2) testimony by Texas Ranger Robert Hunter referring to the gun used by Carrizales as a murder weapon and describing the trajectory of the bullet; and (3) statements Zamora made in Spanish during her testimony.

To establish ineffective assistance of counsel, Carrizales must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Id*. In the majority of cases, the record on direct appeal is undeveloped and does not adequately reflect the motives behind trial

counsel's actions. *Id*. To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id*. An appellate court does not look at isolated acts or omissions to determine the effectiveness of counsel, but reviews the totality of the representation. *De Los Santos v. State*, 219 S.W.3d 71, 74 (Tex. App.—San Antonio 2006, no pet.).

Carrizales's allegation of ineffective assistance of counsel was not raised in his motion for new trial; therefore, no evidence was developed in support of the claim. *See De Los Santos*, 219 S.W.3d at 75. Carrizales asserts trial counsel was ineffective in failing to object to the following reference by the prosecutor to feelings and emotions in the first few sentences of the State's opening statement:

> MR. HUDSON. As Ms. Carranza told you, I work for [the] District Attorney's office. This is the facts of the case. Yesterday we couldn't get into the specific facts because we wanted to make sure that you're not biased or partial in any way but this is the time of the trial where now until your job is done where you can elect your feelings. This is where you can let your feelings and emotions, apply them to the evidence because what you will see is this is not [sic] a case about murder. This isn't a case of an accident. This isn't a case of some unfortunate situation. It's murder. It's homicide. It's a killing.

The record is silent as to counsel's reason for not objecting to the opening statement; however, even assuming the remark was improper, trial counsel may have believed the rather confusing reference to feelings and emotions made by the prosecutor was not sufficiently prejudicial to object. Carrizales also contends that counsel was ineffective in failing to object to the testimony by Texas Ranger Robert Hunter regarding his belief that the bullet went through Vinton, struck a wall, and then landed on the bed. Although the record is again silent as to counsel's reason for not objecting, counsel may have believed that the testimony was permissible as an inference Hunter was drawing from the evidence. Furthermore, counsel also may have chosen not to object to Hunters's reference to the gun

as the murder weapon since Carrizales admitted that he shot Vinton with the gun and Carrizales was charged with murder. Finally, Carrizales contends that trial counsel was ineffective in failing to object to statements Zamora made in Spanish during her testimony. Most of these statements; however, were subsequently explained or clarified in English. Moreover, trial counsel may have believed that Zamora's use of the term "Sí" rather than "yes" was sufficiently understood by everyone in the courtroom so that no objection was necessary. Absent record evidence to the contrary, we must presume that counsel's conduct fell within the wide range of reasonable professional assistance. *De Los Santos*, 219 S.W.3d at 75. Accordingly, Carrizales's first issue is overruled.

## MISTRIAL

During trial, the trial court admitted the recording of Carrizales's oral statement but excluded the written statement as repetitive. While the trial court was considering whether to admit or exclude the written statement, defense counsel elicited testimony that the written statement basically summarized the contents of the audio interview. During closing argument, the State urged the trial court to admit the written statement asserting that defense counsel "gave a false impression to the jury that we [the State] wanted to keep it out." Defense counsel moved for a mistrial on the basis that the State's comments were "prosecutorial misconduct obviously she's made some statements in front of this jury that are not correct and we would move for a mistrial." The trial court then instructed the jury that the written statement was not admitted into evidence because the jury heard it "read by Ranger Millican as a part of the verbal statement that [the jury] listened to from the tape recording device over there. So it wasn't admitted in its written form but everything that is said in

Exhibit 20 [the written statement] was admitted as part of . . . [t]he disk that reflected the verbal statement. That's why it wasn't admitted."

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *See Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). In most instances when a statement made during closing argument exceeds the permissible bounds, an instruction to disregard the remark will cure the error. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). In this case, the prosecutor's comment was quickly followed by the trial court's explanation regarding the reason the written statement was excluded. In view of this explanation, the trial court did not abuse its discretion in denying the motion for mistrial. Carrizales's second issue is overruled.

### VOLUNTARINESS OF VERBAL STATEMENT

In his third issue, Carrizales contends the trial court erred in admitting his verbal statement because Ranger Millican testified that he, at one point, told Carrizales that he was going to help Carrizales if Carrizales told him everything that happened. Based on this promise, Carrizales argued that his statement was involuntary. Ranger Millican explained that he meant that Carrizales's truthful disclosure of everything would help him show that "he's got nothing else to hide in cooperation with the evidence."

A trial court's determination that a statement was voluntarily given is reviewed under an abuse of discretion standard. *Delao v. State*, 235 S.W.3d 235, 238 (Tex. Crim. App. 2007). Determining whether a confession was voluntarily given must be analyzed by examining the totality of the circumstances. *Id*. at 239.

In order for a promise to render a confession invalid, the promise must be positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant

to speak untruthfully. *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004). The determination is whether the officially sanctioned positive promise would be likely to influence the defendant to speak untruthfully and not whether the defendant in fact spoke untruthfully. *Id*. In this case, Ranger Millican's vague statement that he would help Carrizales is not the type of positive promise that would be likely to influence Carrizales to speak untruthfully. *See Balew v. State*, 872 S.W.2d 339, 342 (Tex. App.—Beaumont 1994, pet. ref'd); *see also Gonzalez v. State*, No. 01-91-00309-CR, 1995 WL 457269, at *5 (Tex. App.—Houston [1st Dist.] Aug. 3, 1995, no pet.) (not designated for publication). Carrizales's third issue is overruled.

### BOLSTERING

In her direct testimony, Zamora testified that she did not know whether Vinton tried to get the gun from Carrizales. Zamora further testified that she never saw Vinton get up from the bed where he was seated. In response to whether she ever saw Vinton move in any direction, Zamora responded, "Maybe he did. I don't recall." When confronted with the statement she gave on the night of the murder, Zamora admitted that she never stated anything about Vinton moving or not moving in the statement. In an effort to support Carrizales's theory of self-defense, trial counsel extensively questioned Zamora regarding the rifle that was located on the bed adjacent to the bed where Vinton was seated when he was shot, establishing that Vinton routinely carried the rifle with him in his truck and that Vinton had taken the rifle from his truck into the house on the night he was murdered. At one point, the following exchange occurred:

Q. You can't tell this Court and members of the jury for certain that Sonny didn't try to go like this and get a rifle or something. You don't know?

A. I was shocked. I was really shocked.

During Ranger Millican's testimony, the State asked whether Zamora ever told him that Vinton was reaching for a gun or that the shooting was in self defense. Defense counsel's hearsay objection was overruled, and Ranger Millican testified that Zamora never indicated to him that the shooting was an act of self defense or that Vinton had done anything to provoke the attack.

Although trial counsel objected to the testimony as hearsay, Carrizales asserts in his fourth issue that Ranger Millican's testimony was improper bolstering. Because the objection at trial does not comport with the argument on appeal, Carrizales failed to preserve this issue for our review. *See Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007); *see also Montoya v. State*, 43 S.W.3d 568, 573 n.2 (Tex. App.—Waco 2001, no pet.) (noting question with regard to whether bolstering objection survived the adoption of the Rules of Evidence); *In re J.G.*, 195 S.W.3d 161, 183 (Tex. App.—San Antonio 2006, no pet.) (noting bolstering may not be a proper objection).

Even assuming that the trial court erred in overruling defense counsel's hearsay objection, we disregard a nonconstitutional error unless it affects a substantial right. TEX. R. APP. P. 44.2(b). The erroneous admission of evidence does not affect substantial rights if, after examining the record as a whole, we have a fair assurance that the error did not influence the jury, or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In this case, Ranger Millican's testimony was limited to one question and answer, and the testimony was not mentioned by the State during closing argument. The discrepancy between Zamora's inability to recall at trial whether Vinton made any movement and the absence of any reference to movement or self defense in her statement was already before the jury as was Carrizales's version of the events. Given the evidence presented, we have a fair assurance that the admission of Ranger Millican's statement, if error, did not influence the jury, or had but a slight effect. Carrizales's fourth issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH