

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00596-CR

Mario Josue **QUINTERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 11-07-10748-CR
The Honorable Camile G. Dubose, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Rebeca C. Martinez, Justice
     Patricia O. Alvarez, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed:  April 15, 2015

AFFIRMED AS MODIFIED

Mario Josue Quintero was charged with the offense of continuous sexual abuse of a child against two victims occurring from August 1, 2010 to September 9, 2012.  The jury found Quintero guilty as charged in the indictment, and the trial court sentenced Quintero to fifty years' imprisonment.  On appeal, Quintero contends that the trial court erred in: allowing two witnesses to testify as outcry witnesses; in determining that the child complainants were competent to testify; and by giving the jury instructions which allowed the jury to find him guilty without requiring it

to find that two or more acts of sexual abuse were committed thirty days or more apart. We affirm, but modify the judgment of the trial court to correct a clerical error.

## CHARGE ERROR

In his first issue, Quintero contends that the trial court erred in giving the jury instructions that allowed the jury to find him guilty without requiring a finding that two or more acts of sexual abuse were committed 30 days or more apart. When reviewing alleged charge error, we must first determine whether error existed in the charge. *Sakil v. State*, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009). When, as here, the appellant did not object to the alleged error, we will reverse only if the error is "'so egregious and created such harm'" that the defendant did not receive a fair and impartial trial. *Id.* at 26 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). We consider (1) the entire jury charge, (2) the state of the evidence, including contested issues and the weight of probative evidence, (3) the parties' arguments, and (4) any other relevant information found in the record as a whole. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

A person commits the offense of continuous sexual abuse of a child if (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse;[1] and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014). Although the exact dates of the abuse need not be proven, the offense of continuous sexual abuse of a child does require proof that the last act of sexual abuse occur on at least the 29th day after the day of the first act. *See id.* § 21.02(d) ("The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."); *Williams v. State*, 305 S.W.3d 886, 890-91 (Tex. App.—

---

[1] The acts of sexual abuse do not have to be committed against the same victim.

Texarkana 2010, no pet.) (requiring State to prove two acts of sexual abuse "committed over a span of thirty or more days").

Here, the jury charge provided, in pertinent part:

A person commits the offense of Continuous Sexual Abuse of a Child if during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

. . . .

In order to find the defendant guilty of the offense of Continuous Sexual Abuse of a Child, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the Defendant or the exact date when those acts were committed. However, in order to find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child, you must agree unanimously that the Defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

. . . .

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the Defendant, MARIO JOSUE QUINTERO, on or about [the] 1st [d]ay of August, 2010 through the 9th day of September 2012 in Medina County, Texas, during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against [D.B.], [A.V.,] and [D.V.] said acts of sexual abuse having been violations of one or more of the following penal laws . . . then you will find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child as charged in the indictment.

Quintero asserts that the application paragraph lowered the State's burden of proof because it allowed the jury to find him guilty so long as two or more acts of sexual abuse occurred between August 1, 2010 and September 9, 2012, regardless of whether the acts occurred at least 30 days apart. In support, Quintero relies on *Smith v. State*, 340 S.W.3d 41, 50 (Tex. App.—Houston [1st Dist.] 2011, no pet.), in which the jury was instructed that it could find the defendant guilty of continuous sexual abuse of a child if two or more acts of sexual abuse occurred "on or about the 1st day of December, 2007, through the 1st day of September, 2008, *which said time period being*

*a period that was 30 days or more in duration.*" (Emphasis added). The *Smith* court held that the instruction was erroneous because it allowed the jury to find the defendant guilty regardless of whether the acts occurred at least 30 days apart. *Id*. at 50-51.

The charge before us, however, did not define the time period at issue as a period of 30 days or more in duration as occurred in *Smith*. Here, the application paragraph tracked the statutory language of section 21.02(b), and instructed the jury that it could find Quintero guilty if he committed two or more acts of sexual abuse against D.B., A.V., and D.V. during a period that was 30 days or more in duration. *See* Tex. Penal Code Ann. § 21.02(b); *see also Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) (jury charge tracking language of statute is proper because "[f]ollowing the law as it is set out by the Texas Legislature will not be deemed error on the part of a trial judge"). This Court recently analyzed a similarly-worded jury charge and held that it was not analogous to that in *Smith*. *Knowles v. State*, No. 04-12-00180-CR, 2013 WL 1149063, at *4-5 (Tex. App.—San Antonio Mar. 20, 2013, pet. ref'd) (mem. op., not designated for publication). Because the jury charge at issue tracked the applicable statutory language and accurately set out the law applicable to the offense of continuous sexual abuse of a child, we conclude the trial court did not err in instructing the jury. *See id*. at *5. Quintero's first issue is therefore overruled.

### OUTCRY WITNESSES

In his second and third issues, Quintero contends that the trial court erred in allowing Carlos Barragan and Maria Villarreal to testify as outcry witnesses. Certain hearsay statements are admissible in the prosecution of the offense of continuous sexual abuse of a young child. Tex. Code Crim. Proc. Ann. art. 38.072, § 1 (West Supp. 2014); *see* Tex. Penal Code Ann. §§ 21.02(b), (c)(4); 22.021 (West Supp. 2014). The admissible "outcry" statements are those (1) "that describe the alleged offense" and (2) were made by the child against whom the offense was

allegedly committed and (3) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a)(1), (2), (3) (West Supp. 2014).

A proper outcry witness is the first adult to whom the complainant makes a statement that "in some discernible manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The statement "must be more than words which give a general allusion that something in the area of child abuse was going on." *Id.*; *Reed v. State*, 974 S.W.2d 838, 841 (Tex. App.—San Antonio 1998, pet. ref'd) (statement must be more than "a general allegation of sexual abuse"). Moreover, the child victim's statement to the outcry witness must describe the alleged offense, not just any offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(1)(A).

We review the trial court's determination that an outcry statement is admissible under article 38.072 for abuse of discretion. *Garcia*, 792 S.W.2d at 92; *Knowles*, 2013 WL 1149063, at *1-2. "[A] trial court has broad discretion in determining the admissibility of such evidence. The exercise of that discretion will not be disturbed unless a clear abuse of discretion is established by the record." *Garcia*, 792 S.W.2d at 92. A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012) (reviewing motion for new trial for ineffective assistance of counsel). Under this deferential standard of review, we view the evidence in the light most favorable to the trial court's ruling and will not substitute our judgment for that of the trial court. *Id.* Further, we must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.*

Maria Villarreal is the mother of A.V. She testified that sometime in 2011, A.V. told her that Quintero touched his penis. Villarreal was not sure what month it was when A.V. outcried, but stated that it was probably May or June as they were coming back from Corpus Christi. The defense objected to Villarreal's designation as the outcry witness on the basis that she did not know

when the outcry occurred. The court overruled the objection and found Villarreal qualified under article 38.072.

Carlos Barragan is the father of D.B. Barragan testified that D.B. told him that Quintero showed him pornography while his mother was in the shower. D.B. also said that Quintero wanted to perform oral sex on him, and that Quintero asked D.B. to perform oral sex on him. Barragan testified that D.B. told him those acts occurred. On cross-examination, Barragan could not recall when the outcry occurred. The defense objected to Barragan's designation as the outcry witness because he could not recall details of the outcry. The trial court overruled the objection, and found Barragan qualified to testify under article 38.072.

On appeal, Quintero argues that Villarreal and Barragan were not proper outcry witnesses because their statements do not describe acts that were alleged to have been committed by Quintero and give no indication of the continuing nature and duration of the acts. He argues that their statements constituted nothing more than words giving a "general allusion that something in the area of child abuse occurred." The State responds that Quintero's complaints on appeal do not comport with the objections made at trial. We agree. At trial, Quintero objected on the basis that both witnesses did not know exactly when the outcry occurred, yet on appeal, his complaint is that the outcry witnesses failed to specifically describe the acts alleged in the indictment against him. The objection made at trial must comport with the error complained of on appeal. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1 (error must be preserved by making complaint to trial court stating specific grounds for complaint). Because Quintero's objections at trial did not comport with his complaints on appeal, he has not preserved his second and third issues for our review. Accordingly, we overrule Quintero's second and third issues.

**COMPETENCY OF CHILD COMPLAINANTS**

In his last three issues, Quintero argues that the trial court erred in determining that the child complainants, A.V., D.B., and D.V., were competent to testify. A trial court's determination of whether a child witness is competent to testify will not be disturbed on appeal absent an abuse of discretion. *Broussard v. State*, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995); *De Los Santos v. State*, 219 S.W.3d 71, 80 (Tex. App.—San Antonio 2006, no pet.). We review the child's entire testimony, including his or her responses to qualification questions, to determine whether the trial court's ruling on competency constituted an abuse of discretion. *De Los Santos,* 219 S.W.3d at 80-81. A trial court does not abuse its discretion if its ruling was within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

A child is competent to testify unless it appears to the court that the child does not possess sufficient intellect to relate the transactions with respect to which the child is interrogated. TEX. R. EVID. 601(a)(2); *Broussard*, 910 S.W.2d at 960; *De Los Santos*, 219 S.W.3d at 80-81. When a party challenges the competency of a child witness, the trial court will consider whether the child witness possesses (1) the ability to intelligently observe the events in question at the time of the occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate the events. *See Hogan v. State*, 440 S.W.3d 211, 213-14 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The third element involves the ability to understand the moral responsibility to tell the truth, to understand the questions posed, and to frame intelligent answers. *See id.* at 214. Confusing and inconsistent responses from a child are not reasons to determine he or she is incompetent to testify; rather, they speak to the credibility of the testimony. *In re A.W.*, 147 S.W.3d 632, 635 (Tex. App.—San Antonio 2004, no pet.). The trial court's role is to make the initial determination of competency, not to assess the credibility or weight to be given the testimony. *Id.*

The trial court conducted a competency hearing outside the presence of the jury to determine whether each child was competent to testify on behalf of the State. A.V. was eleven years old at the time of trial. He demonstrated that he knew the difference between the truth and a lie, and promised to only tell the truth. D.B. was ten years old at the time of trial. He, too, explained the difference between the truth and a lie, and promised to only tell the truth. D.V. was seven years old at the time of trial. She demonstrated an understanding of the difference between right and wrong and promised to tell the jury what is "real." Thus, each child demonstrated that they had the capacity to narrate events, understand the difference between the truth and a lie, and understand their obligation to tell the truth.

Further, the children's testimony during trial indicated they each had the ability to intelligently recall and narrate the events, understand the difference between the truth and a lie, and understand their moral responsibility to tell the truth. Any inconsistencies in the children's testimony about the specific incidents goes to their credibility, not their competency to testify. *De Los Santos*, 219 S.W.3d at 81; *In re A.W.*, 147 S.W.3d at 635. Based on their answers to the qualification questions and their testimony as a whole during the proceedings, we conclude the trial court did not abuse its discretion in determining that the children were competent to testify. *See Upton v. State*, 894 S.W.2d 426, 429-31 (Tex. App.—Amarillo 1995, pet. ref'd); *Dufrene v. State*, 853 S.W.2d 86, 88 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (noting that a child no longer needs to understand the "obligation of the oath," but simply the duty to be truthful). Quintero's final issues are, therefore, overruled.

**CONCLUSION**

Based on the foregoing reasons, we overrule all of Quintero's issues. Because the judgment erroneously recites that Quintero was convicted under section "22.02"[2] of the Penal Code, we correct the clerical error and modify the trial court's judgment to reflect that Quintero was convicted under section "21.02" of the Penal Code. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014). As modified, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice

Do Not Publish

---

[2] *See* TEX. PENAL CODE ANN. § 22.02 (West Supp. 2014) (aggravated assault).