

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00364-CR

---

**LARRY ELMO SHOFFNER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 8044, Honorable Dale Rabe Jr., Presiding

---

August 20, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Larry Elmo Shoffner, appeals his conviction for continuous sexual abuse of a child[1] and his resulting life sentence. By two issues, he challenges the competency of the child victim to testify and the constitutionality of his life sentence. We overrule both issues and affirm.

---

[1] TEX. PENAL CODE ANN. § 21.02.

**BACKGROUND**

The victim, W.S., first met Appellant when she was five or six years old. Appellant was married to W.S.'s grandmother, and she called him "Grandpa." The grandmother lived in one house and Appellant lived in another house nearby. When the grandmother was working nights, W.S. stayed at Appellant's house.

W.S. testified Appellant started raping her with his penis when she was six years old. She further testified he raped her once a week until she was twelve years old. According to W.S., Appellant would become very angry if she did not comply with his requests and he would not let her eat or drink until she had sex with him.

W.S. moved away from Appellant with her grandmother when she was around twelve or thirteen years old. W.S. finally told her grandmother about Appellant's abuse because she felt safe and was not around him all the time.

The forensic interviewer testified she spoke with W.S. on August 29, 2023, and W.S. told her Appellant put his penis in her vagina and that it happened every week. W.S. also underwent a sexual assault examination. The SANE nurse testified she observed two healed tears on W.S.'s hymen which were consistent with chronic trauma.

**ANALYSIS**

**ISSUE ONE—ALLEGED VICTIM'S COMPETENCY**

Although Appellant initially frames his complaint as a sufficiency challenge,[2] the briefing focuses almost entirely on the child victim's ability to understand and tell the truth. In Appellant's words: "Given that she was the sole witness with alleged actual knowledge of what had happened and Appellant was convicted almost solely on her uncorroborated statements, the alleged victim's knowledge of the importance of telling the truth was imperative. Appellant asserts that on this record, the alleged victim did not establish that she knew the importance of telling the truth." In substance, Appellant is challenging the child's competency to testify.

Competency, however, must be preserved in the trial court. Appellant neither objected to the child's competency nor requested a competency hearing. The complaint is therefore waived. *See De Los Santos v. State*, 219 S.W.3d 71, 80 (Tex. App.—San Antonio 2006, no pet.) (failure to object to child witness's competency at trial waived issue on appeal); *Fox v. State*, 175 S.W.3d 475, 481 (Tex. App.—Texarkana 2005, pet. ref'd) (failure to object to trial court's omission of sua sponte competency hearing waived issue); *see also Matson v. State*, 819 S.W.2d 839, 852 (Tex. Crim. App. 1991) ("It is a familiar rule of law that the failure to object to a witness's competency to testify operates as a waiver of the witness's qualifications and may not be raised for the first time on appeal."). Issue one is overruled.

---

[2] Appellant acknowledges a child victim's testimony alone is sufficient to support a conviction for a sexual offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1). He also recognizes corroboration of the victim's testimony by medical or physical testimony is not required. *Cantu v. State*, 366 S.W.3d 771, 775–76 (Tex. App.—Amarillo 2017, pet. ref'd).

**ISSUE TWO—CRUEL AND USUAL PUNISHMENT**

By his second issue, Appellant challenges his life sentence under the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. He argues because of his age (seventy-four) the life sentence means he will die in prison and is therefore a death sentence.

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322, 324 (Tex. Crim. App. 2016). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Id.* at 322.

A challenge based on the Eighth Amendment must nonetheless be preserved by objection, request, or motion. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). Generally, preservation of a punishment issue occurs at the earliest opportunity available, i.e., at the time sentence is imposed, assuming the defendant had the opportunity to do so. *Mayo v. State*, 690 S.W.3d 103, 107 (Tex. App.—Amarillo 2024, pet. ref'd). However, if there is no opportunity to object at trial, the issue is preserved when raised in a timely motion for new trial. *Id.* Appellant did not make a specific objection in the trial court even though the trial court offered him two opportunities to object; once after polling the jury, and a second before releasing the jury, the trial court asked if there was any legal reason why sentence should not be imposed or if counsel had anything else, to which defense

4

counsel answered "[n]o." Therefore, this issue was not preserved for review. *See* TEX. R. APP. P. 33.1(a).

Even assuming, arguendo, that Appellant had preserved his issue, a claim of disproportionate punishment is a narrow principle that does not require strict proportionality between the crime and the sentence. *Simpson*, 488 S.W.3d at 322. Also, if Appellant had raised his complaint at the earliest opportunity available, a claim of excessive punishment which otherwise is within the statutory range will not be disturbed on appeal. *Id.* at 323 (citing *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)). Issue two is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.

5