## 512·15

ORIGINAL

Oral argument waived

PD-0512-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MARIO QUINTERO**
Appellant-Petitioner

**v.**

**THE STATE OF TEXAS**
Appellee-Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM THE FOURTH COURT OF APPEALS
CAUSE NO. 04-13-00596-CR

APPEAL FROM THE 38TH JUDICIAL DISTRICT COURT
OF MEDINA COUNTY, TEXAS, CAUSE NO. 11-07-10748-CR
HONORABLE TOM LEE PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

By:
**Mario Quintero, Pro Se**
TDCJ-CID #1878429
Connally Unit
899 FM 632
Kenedy, Texas 78119

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

## GROUNDS FOR REVIEW

### GROUND ONE

The court of appeals erred when it held that the jury instructions given in Mr. Quintero's trial did not relieve the State of the burden of proving that two or more acts of sexual abuse were committed 30 days or more apart.

### GROUND TWO

The court of appeals erred when it held that the trial court did not abuse its discretion in determining that two children were competent to testify when one did not remember his previous birthday, the previous year, or the previous summer during which the offense was alleged and the other did not know what the consequences were for telling a lie.

# TABLE OF CONTENTS

GROUNDS FOR REVIEW...................................................ii

TABLE OF CONTENTS...................................................iii

INDEX OF AUTHORITIES.................................................v

IDENTITY OF JUDGE, PARTIES, AND COUNSEL.............................vii

STATEMENT REGARDING ORAL ARGUMENT..................................viii

STATEMENT OF CASE..................................................viii

STATEMENT OF PROCEDURAL HISTORY....................................viii

INTRODUCTION.........................................................1

STATEMENT OF FACTS...................................................1

   1.  Jury Instructions...............................................1

   2.  Child Witness Competency Hearing................................2

ARGUMENT.............................................................2

  I.  GROUND ONE

     The court of appeals erred when it held that the jury instructions
     given in Mr. Quintero's trial did not relieve the State of the
     burden of proving that two or more acts of sexual abuse were
     committed 30 days or more apart...................................2

     A.  Reasons for Granting Review..................................2

     B.  Applicable Law...............................................3

     C.  Application and Analysis.....................................4

     D.  Sufficient Harm is Shown for Reversal........................6

  II.. GROUND TWO

     The court of appeals erred when it held that the trial court did
     not abuse its discretion in determining that two children were
     competent to testify when one did not remember his previous
     birthday, the previous year or the previous summer during which
     the offense was alleged and the other did not know what the
     consequences were for telling a lie...............................7

     A.  Reasons for Granting Review..................................7

     B.  Applicable Law...............................................8

    **C. Application and Analysis**........................................8

    **D. Sufficient Harm is Shown for Reversal**...........................9

PRAYER FOR RELIEF.....................................................10

DECLARATION...........................................................10

CERTIFICATE OF SERVICE................................................11

APPENDIX: Fourth Court of Appeals' Opinion

# INDEX OF AUTHORITIES

**CASES**             **PAGE**

Allen v. State, 253 S.W.3d 260, 264 (Tex.Crim.App.2008)........................4

Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1985)....................4

Broussard v. State, 910 S.W.2d 952, 960 (Tex.Crim.App.1995)..................8

Burnett v. State, 88 S.W.3d 633, 637-38 (Tex.Crim.App.2002)..................9

Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038 (1973)..................9

Cool v. United States, 409 U.S. 100, 104 (1972)..............................3

Delgado v. State, 235 S.W.3d 244, 249 & fn. 17 (Tex.Crim.App.2007)...........7

Doyle v. State, 631 S.W.2d 732, 738 (Tex.Crim.App.1982)......................7

Hogan v. State, 440 S.W.3d 211, 213-14 (Tex.App.—Houston [14th Dist.]
    2013, pet. ref'd)......................................................7

In re Winship, 397 U.S. 358, 364 (1970)......................................3

Johnson v. State, 673 S.W.2d 190, 194 (Tex.Crim.App.1984)....................3

Lowry v. State, 692 S.W.2d 86, 87 (Tex.Crim.App.1985)........................3

Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.1990)
    (op. on reh'g).........................................................8

Parle v. Runnels, 505 F.3d 922 (9th Cir. 2007)...............................9

Reyna v. State, 797 S.W.2d 189, 191-92 (Tex.App.—Corpus Christi
    1990, no pet.).........................................................7

Rich v. State, 160 S.W.3d 575, 577-78 (Tex.Crim.App.2005)....................9

Sakil v. State, 287 S.W.3d 23, 25 (Tex.Crim.App.2009)........................3

Smith v. State, 340 S.W.3d 41, 50 (Tex.App.—Houston [1st Dist.]
    2011, no pet.)......................................................3, 5

Spence v. Johnson, 80 F.3d 989, 1000 (5th Cir. 1996).........................9

Waddington v. Sarausad, 129 S.Ct. 823, 831 (2009)...........................6

Williams v. State, 305 S.W.3d 886, 890-91 (Tex.App.—Texarkana 2010,
    no pet.)...............................................................4

Williams v. State, 622 S.W.2d 578 (Tex.Crim.App.1981).......................6

Williams v. State, 547 S.W.2d 18 (Tex.Crim.App.1977)........................6

Wright v. State, 28 S.W.3d 526, 537 (Tex.Crim.App.2000)........................9

Zuckerman v. State, 591 S.W.2d 495, 496 (Tex.Crim.App.1979)..................3

**FEDERAL STATUTES**

28 U.S.C. § 1746...............................................................10

**STATE STATUTES**

Tex.Civ.Prac. & Rem.Code, Ch. 132.............................................10

Tex.Pen.Code § 21.02...........................................................1

Tex.Pen.Code § 21.02(b)........................................................4

Tex.Pen.Code § 21.02(d)........................................................4

**STATE RULES**

Tex.R.App.P. 44.2(b)...........................................................9

Tex.R.App.P. 66.3(a)........................................................3, 7

Tex.R.App.P. 66.3(c)...........................................................3

Tex.R.App.P. 66.3(f)...........................................................8

Tex.R.App.P. 68.1..............................................................1

Tex.R.App.P. 68.4(d).........................................................viii

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

APPELLANT:

Mr. Mario Josue Quintero
TDCJ-CID #1878429
Connally Unit
899 FM 632
Kenedy, Texas 78119

APPELLANT'S TRIAL ATTORNEY:

Mr. Lauro A. Bustamonte, Jr.
Attorney at Law
346 Laurelwood
San Antonio, Texas 78213

APPELLANT'S APPEAL ATTORNEY:

Mr. Michael C. Gross
Attorney at Law
106 S. St. Mary's Street
Suite 260
San Antonio, Texas 78205

TRIAL JUDGE:

Honorable Tom Lee
Judge Presiding
38th Judicial District Court
Medina County Courthouse
801 Avenue Y
Hondo, Texas 78861

STATE'S TRIAL ATTORNEY:

Ms. Julie Solis
Assistant District Attorney
38th Judicial District
3102 Avenue G
Hondo, Texas 78861

STATE'S APPEAL ATTORNEY:

Edward F. Shaughnessy, III
Attorney at Law
206 E. Locust Street
San Antonio, Texas 78212

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Quintero waives oral argument. Tex.R.App.P. 68.4(d).

## STATEMENT OF CASE

Mr. Quintero was indicted in Cause Number 11-07-10748-CR with two combined cases of continuous sexual abuse of a child allegedly occurring between August 1, 2010, and September 9, 2012. (1 CR 268.) The jury was selected on June 7, 2013, before the Honorable Camile Dubose, presiding judge. (2 RR 1, 6.) Judge Thomas Lee presided over the remainder of the trial. On June 18, 2013, the jury found Mr. Quintero guilty. (9 RR 73.) On July 22, 2013, the trial court sentenced Mr. Quintero to 50 years imprisonment in the Texas Department of Criminal Justice Correctional Institutions Division and a $10,000 fine. (1 CR 268; 10 RR 111.) Mr. Quintero timely filed a motion for new trial, but the trial court denied that motion. (1 CR 276-77; 10 RR 111-12.) Mr. Quintero timely filed notice of appeal. (1 CR 278.) In April 2015, the Fourth Court of Appeals affirmed the conviction and sentence. (See Attached Appendix, Court of Appeals' Opinion.)

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals handed down its Memorandum Opinion on April 15, 2015. Mario Josue Quintero v. The State of Texas, No. 04-13-00596-CR (Tex. App.—San Antonio). Mr. Quintero did not file a motion for rehearing. This Court granted Mr. Quintero an extension of time to file this Petition. This Petition is due by July 14, 2015.

COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

MARIO QUINTERO,                    §          CCA # PD-0512-15
TDCJ-CID #1878429,                 §
                                   §
      Appellant-Petitioner,        §
                                   §
      V.                           §          COA # 04-13-00596-CR
                                   §
THE STATE OF TEXAS,                §
                                   §
      Appellee-Respondent.         §          TC # 11-07-10748-CR

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### INTRODUCTION

On appeal, Appellant Mario Quintero challenged (1) the jury instructions, (2) the trial court's decision to allow two witnesses to testify as outcry witnesses, and (3) the trial court's determination that the three testifying child complainant's were competent to testify. (See Mr. Quintero's Brief on Appeal, pp. iii-iv.) Here, Mr. Quintero argues that the jury instructions relieved the State of its burden of proof and the trial court abused its discretion when it determined that two of the three child complainants were competent to testify. Mr. Quintero maintains his innocence. He respectfully asks the Court to grant discretionary review, as authorized by Tex.R.App.P. 68.1.

### STATEMENT OF FACTS

**1. The Jury Instructions**

The indictment charged Mr. Quintero with continuous sexual abuse of children under Tex.Pen.Code § 21.02. (1 CR 24-25.) At the conclusion of the evidence, the trial judge submitted instructions to the jury regarding the law of the case. (1 CR 245-52.) In the application paragraph of the jury instructions, the trial judge directed the jury to convict as follows:

Now bearing in mind the foregoing instructions, if you believe from

the evidence beyond a reasonable doubt that the Defendant, Mario Josue Quintero, on or about 1st Day of August, 2010 through the 9th day of September 2012 in Medina County, Texas, during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against [DB], [AV], and [DV] said acts of sexual abuse having been violations of one or more of the following penal laws ....

## 2. The Child Witness Competency Hearing

The indictment charged Mr. Quintero with continuous sexual abuse of three children—AV, DB, and DV. (1 CR 24-25.) The trial court held a hearing outside the jury's presence to determine the competency of the complainants. At the hearing, 11-year-old AV testified that he did not remember when he was 10 years old. (3 RR 59.) He did not remember his 10th birthday. (3 RR 59.) He did not remember last summer. (3 RR 59.) Defense counsel objected on the ground that AV was not competent to testify. (3 RR 60.) The trial judge overruled the objection. (3 RR 60.) Seven-year-old DV took the stand. (5 RR 54.) When asked, "[C]an you tell me when you say something is right what do you mean?" DV stated, "I don't know." (3 RR 55.) DV said she would tell the truth today. (3 RR 55.) When asked, "[C]an you tell me what happens if you tell a lie?" She stated, "I don't know." (3 RR 56.) "Can you tell me what happens if you say what is wrong and not what happened?" "I don't know." (3 RR 56.) Defense counsel objected on the ground that DV was not competent to testify. (3 RR 57.) The trial judge overruled the objection. (3 RR 57.)

## ARGUMENT

### I.

### GROUND ONE
### Restated

The court of appeals erred when it held that the jury instructions given in Mr. Quintero's trial did not relieve the State of the burden of proving that two or more acts of sexual abuse were committed 30 days or more apart.

## A. Reasons for Granting Review

The Fourth Court of Appeals' decision conflicts with the First Court of

Appeals' decision on the same issue. See Tex.R.App.P. 66.3(a). The First Court of Appeals has held that a virtually identical instruction directing the jury to convict if it found a defendant committed two or more acts of sexual abuse "on or about the 1st day of December, 2007, through the 1st day of September, 2008, which said time period being a period that was 30 days or more in duration" relieved the State of its burden of proof. See Smith v. State, 340 S.W.3d 41, 50 (Tex.App.—Houston [1st Dist.] 2011, no pet.).

The Fourth Court of Appeals has also decided an important question of state or federal law in a way that conflicts with the applicable decisions of this Court or the Supreme Court of the United States. See Tex.R.App.P. 66.3 (c). Both the Supreme Court and this Court have held that due process compels that every criminal prosecution prove each charged element beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970); Cool v. United States, 409 U.S. 100, 104 (1972) (a jury instruction that "reduce[s] the level of proof necessary for the Government to carry its burden ... is plainly inconsistent with the constitutionally rooted presumption of innocence."); Johnson v. State, 673 S.W.2d 190, 194 (Tex.Crim.App.1984) ("it is incumbent on the State to prove every element of the offense beyond a reasonable doubt."); Lowry v. State, 692 S.W.2d 86, 87 (Tex.Crim.App.1985).

**B. Applicable Law**

"A jury charge is fundamentally defective if it omits an essential element of the offense or authorizes conviction on a set of facts that do not constitute an offense." Zuckerman v. State, 591 S.W.2d 495, 496 (Tex.Crim.App. 1979). When reviewing jury instructions, this Court first determines whether error existed in the charge. Sakil v. State, 287 S.W.3d 23, 25 (Tex.Crim.App. 2009). When, as here, the appellant did not object to the charge, the Court will reverse if the error is "'so egregious and created such harm'" that the

defendant did not receive a fair and impartial trial. Id. at 26 (quoting Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1985)). In conducting its harm analysis, the Court considers (1) the entire jury charge, (2) the state of the evidence, including contested issues and the weight of probative evidence, (3) the parties' arguments, and (4) any other relevant information found in the record as a whole. Allen v. State, 253 S.W.3d 260, 264 (Tex. Crim.App.2008).

A person commits the offense of continuous sexual abuse of a child if (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse that do not have to be against the same victim; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age. See Tex.Pen.Code Ann. § 21.02(b) (West Supp. 2014). Although the exact dates of the abuse need not be proven, the offense of continuous sexual abuse of a child does require proof that the last act of sexual abuse occur on at least the 29th day after the day of the first act. See id. § 21.02(d) ("The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration committed two or more acts of sexual abuse."); Williams v. State, 305 S.W.3d 886, 890-91 (Tex.App.—Texarkana 2010, no pet.) (requiring State to prove two acts of sexual abuse "committed over a span of 30 or more days").

C. **Application and Analysis**

Here, the application paragraph of the jury charge directed the jury to convict Mr. Quintero of continuous sexual abuse of a child if it found that two or more acts of sexual abuse occurred "on or about [the] 1st [d]ay of August, 2010 through the 9th day of September 2012 ... during a period that was 30 days or more in duration" (1 CR 249). This instruction is improper

because it directed the jury to find Mr. Quintero guilty so long as two or more acts of sexual abuse occurred between August 1, 2009, and September 9, 2012, regardless of whether the acts occurred at least 30 days apart. See Smith v. State, 340 S.W.3d at 50-51. The application paragraph is erroneous because it does not specifically require that the jury determine that two or more acts of sexual abuse occurred during a period at least 30 days in duration—i.e. that there was at least 28 days between the day of the first act of sexual abuse and the day of the last act of sexual abuse. See id. The application paragraph stated that the August 2010 to September 2012 time frame was "a period that was 30 days or more in duration" and imposed no requirement as to the time period in which the acts of sexual abuse occurred.1 (1 CR 249.)

The court of appeals distinguished this case from the Smith case because in Smith, the jury was instructed that it could find the defendant guilty of continuous sexual abuse of a child if two or more acts of sexual abuse occurred "on or about the 1st day of December, 2007, through the 1st day of September, 2008, which said time period being a period that was 30 days or more in duration." (See attached Appendix, Court of Appeals' Opinion, pp. 3-4.) The Smith language conveys precisely the same message as the language in the instructions given to Mr. Quintero's jury—that the alleged time frame was "a period that was 30 days or more in duration." The language given in the instructions here is at best ambiguous and there is a reasonable likelihood

---

1. In pertinent part, a correct jury charge would have read like this:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the Defendant, Mario Josue Quintero, committed two or more acts of sexual abuse against [DB], [AV], and [DV] during a period that was 30 days or more in duration between on or about the 1st day of August 2010 and the 9th day of September 2012, in Medina County, Texas, said acts of sexual abuse having been violations of one or more of the following penal laws ... then you will find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child as charged in the indictment.

that Mr. Quintero's jury interpreted the judge's instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. See Waddington v. Sarausad, 129 S.Ct. 823, 831 (2009). The ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. See id. at 831 (citation omitted).

The court of appeals also implied that because the court instructed the jury in an abstract definitional paragraph that "in order to find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child, you must agree unanimously that the Defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." (Attached Court of Appeals' Opinion, p. 3.) But it has never been the law of this state that including such an abstract instruction apart from the application paragraph will cure such a defect in the application paragraph. "It is not sufficient for the jury to receive an abstract instruction on the law and then render a verdict according to a general conclusion on whether the law was violated." Williams v. State, 547 S.W.2d 18 (Tex.Crim.App.1977); Williams v. State, 622 S.W.2d 578 (Tex.Crim.App.1981).

The court of appeals stated that the trial court did not err because the charge at issue tracked the applicable statutory language and accurately set out the law applicable to the offense. But the instruction misapplied and misrepresented the correct statutory language. The instructions failed to correctly apply the law to the facts.

D. **Sufficient Harm is Shown for Reversal**

The erroneous jury instruction goes to the very basis of the case. Mr. Quintero was convicted of a nonexistent offense. There is not an offense in Texas of continuing sexual abuse of a child during a period that is less than 28 days. The jury instructions were fundamentally defective because the jury

instructions omitted an essential element of the offense—that there be at least 28 days between the first act of sexual abuse and the day of the last act of sexual abuse. See Doyle v. State, 631 S.W.2d 732, 738 (Tex.Crim.App. 1982) (concluding that the trial court's failure to include a culpable mental state in its paragraph in the jury charge applying the law to the facts was reversible error because it eliminated an essential element and infringed on defendant's right to a fair trial); accord Delgado v. State, 235 S.W.3d 244, 249 & fn. 17 (Tex.Crim.App.2007).

## II.

### GROUND TWO
### Restated

The court of appeals erred when it held that the trial court did not abuse its discretion in determining that two children were competent to testify when one did not remember his previous birthday, the previous year, or the previous summer during which the offense was alleged and the other did not know what the consequences were for telling a lie.

## A. Reasons for Granting Review

The Fourth Court of Appeals' decision conflicts with the Thirteenth Court of Appeals' decision and the Fourteenth Court of Appeals' decision on the same issue. See Tex.R.App.P. 66.3(a). When a party challenges the competency of a child witness, the trial court will consider whether the child witness possesses (1) the ability to intelligently observe the events in question at the time of the occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate the events.[2] See Hogan v. State, 440 S.W.3d 211, 213-14 (Tex.App.—Houston [14th Dist.] 2013, pet. ref'd); see also Reyna v. State, 797 S.W.2d 189, 191-92 (Tex.App.—Corpus Christi 1990, no pet.).

The Fourth Court's decision here conflicts with Hogan and Reyna because

_____

2. The third element involves the ability to understand the moral responsibility to tell the truth. Hogan, at 214; Reyna, at 191-92.

although it cited this legal standard, it did not take into consideration the children's responses during the hearing outside the presence of the jury. The 11-year-old boy AV testified that he did not remember the previous year, his birthday of the previous year, or the previous summer. (3 RR 59-60.) The sexual abuse allegations were based in part on that previous year. On the other hand, the girl DV testified that she was 7 years old at the time of trial and she did not know what the consequences were if she told a lie, she did not know what was meant when you say something is right, and she did not know what was wrong with incorrectly saying what happened during a given event. (3 RR 54-56.) For these reasons, the court of appeals has also so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court as to call for an exercise of this Court's supervisory power. See Tex.R.App.P. 66.3(f).

**B. Applicable Law**

A trial court's determination of whether a child witness is competent to testify will not be disturbed on appeal absent an abuse of discretion. Broussard v. State, 910 S.W.2d 952, 960 (Tex.Crim.App.1995). A trial court abuses its discretion when its ruling is outside the zone of reasonable disagreement. See e.g. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim. App.1990) (op. on reh'g).

**C. Application and Analysis**

The trial court's ruling was not within the zone of reasonable disagreement. AV testified that he did not remember when he was 10 years old, he did not remember his 10th birthday, and he did not remember the previous summer. (See 3 RR 59.) DV testified that she was only 7 years old, she did not know what the consequences were for telling a lie, she did not know what it meant to be right, and she did not know what was wrong with not telling the truth.

(See 3 RR 54-56.)

**D. Sufficient Harm is Shown for Reversal**

Harm for a nonconstitutional error such as this one is reviewed under Tex.R.App.P. 44.2(b). A harm analysis in this instance should assess whether the defendant's substantial rights were affected—i.e. whether the error had a substantial and injurious effect or influence in determining the jury's verdict. Rich v. State, 160 S.W.3d 575, 577-78 (Tex.Crim.App.2005); Burnett v. State, 88 S.W.3d 633, 637-38 (Tex.Crim.App.2002). In the case of erroneous admission of evidence, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. Rich, at 577-78.

Here, the error had a substantial and injurious effect or influence in determining the jury's verdict. Without the testimony of these two children, the State could not have convicted Mr. Quintero of this offense. These children were the complainants. Without the complainants, the State had no case. What's more is that the cumulative effect of the erroneous admission of these children's testimony with the erroneous jury instruction relieving the State of the burden of proof as set out in Subsection I above denied Mr. Quintero a fair trial and due process of law. See Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038 (1973); Spence v. Johnson, 80 F.3d 989, 1000 (5th Cir. 1996); Parle v. Runnels, 505 F.3d 922 (9th Cir. 2007); Wright v. State, 28 S.W.3d 526, 537 (Tex.Crim.App.2000).

## PRAYER FOR RELIEF

For these reasons, Appellant Mario Quintero respectfully asks the Court to grant discretionary review, appoint counsel, order further briefing, and reverse his conviction.  In the alternative, he asks the Court to enter any other order the Court finds appropriate.

SUBMITTED and SUBSCRIBED on this the 12 day of June, 2015.

Respectfully submitted,

*Mario J. Quintero*

Mario Quintero, Pro Se
TDCJ-CID #1878429
Connally Unit
899 FM 632
Kenedy, Texas 78119

## DECLARATION

"I, Mario Quintero, TDCJ-CID #1878429, presently incarcerated in the Texas Department of Criminal Justice Correctional Institutions Division at the Connally Unit in Karnes County, Texas, declare under penalty of perjury under Chapter 132 of the Texas Civil Practice and Remedies Code and 28 U.S.C. § 1746, that I have read this Petition for Discretionary Review, the facts stated in this Petition are true and correct, and I placed this Petition in the prison mailbox in a postpaid package on this day.

"Executed on this the 12 day of June, 2015."

*Mario J. Quintero*

Mario Quintero

## CERTIFICATE OF SERVICE

I certify that on this the 12 day of June , 2015, I served the following parties with a true and correct copy of this Petition for Discretionary Review by U.S. mail through the prison mailbox in a postpaid package to the addresses below:

Edward F. Shaughnessy, III
Attorney at Law
206 E. Locust Street
San Antonio, Texas 78212

State Prosecuting Attorney
P.O. Box 13046
Capitol Station
Austin, Texas 78711

_Mario J. Quintero_
Mario Quintero

**APPENDIX**

Fourth Court of Appeals' Opinion



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00596-CR

Mario Josue **QUINTERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 11-07-10748-CR
The Honorable Camile G. Dubose, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  April 15, 2015

AFFIRMED AS MODIFIED

Mario Josue Quintero was charged with the offense of continuous sexual abuse of a child against two victims occurring from August 1, 2010 to September 9, 2012. The jury found Quintero guilty as charged in the indictment, and the trial court sentenced Quintero to fifty years' imprisonment. On appeal, Quintero contends that the trial court erred in: allowing two witnesses to testify as outcry witnesses; in determining that the child complainants were competent to testify; and by giving the jury instructions which allowed the jury to find him guilty without requiring it

to find that two or more acts of sexual abuse were committed thirty days or more apart. We affirm, but modify the judgment of the trial court to correct a clerical error.

## CHARGE ERROR

In his first issue, Quintero contends that the trial court erred in giving the jury instructions that allowed the jury to find him guilty without requiring a finding that two or more acts of sexual abuse were committed 30 days or more apart. When reviewing alleged charge error, we must first determine whether error existed in the charge. *Sakil v. State*, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009). When, as here, the appellant did not object to the alleged error, we will reverse only if the error is "'so egregious and created such harm'" that the defendant did not receive a fair and impartial trial. *Id.* at 26 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). We consider (1) the entire jury charge, (2) the state of the evidence, including contested issues and the weight of probative evidence, (3) the parties' arguments, and (4) any other relevant information found in the record as a whole. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

A person commits the offense of continuous sexual abuse of a child if (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse;[1] and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014). Although the exact dates of the abuse need not be proven, the offense of continuous sexual abuse of a child does require proof that the last act of sexual abuse occur on at least the 29th day after the day of the first act. *See id.* § 21.02(d) ("The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."); *Williams v. State*, 305 S.W.3d 886, 890-91 (Tex. App.—

---

[1] The acts of sexual abuse do not have to be committed against the same victim.

Texarkana 2010, no pet.) (requiring State to prove two acts of sexual abuse "committed over a span of thirty or more days").

Here, the jury charge provided, in pertinent part:

A person commits the offense of Continuous Sexual Abuse of a Child if during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

. . . .

In order to find the defendant guilty of the offense of Continuous Sexual Abuse of a Child, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the Defendant or the exact date when those acts were committed. However, in order to find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child, you must agree unanimously that the Defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

. . . .

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the Defendant, MARIO JOSUE QUINTERO, on or about [the] 1st [d]ay of August, 2010 through the 9th day of September 2012 in Medina County, Texas, during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against [D.B.], [A.V.,] and [D.V.] said acts of sexual abuse having been violations of one or more of the following penal laws . . . then you will find the Defendant guilty of the offense of Continuous Sexual Abuse of a Child as charged in the indictment.

Quintero asserts that the application paragraph lowered the State's burden of proof because it allowed the jury to find him guilty so long as two or more acts of sexual abuse occurred between August 1, 2010 and September 9, 2012, regardless of whether the acts occurred at least 30 days apart. In support, Quintero relies on *Smith v. State*, 340 S.W.3d 41, 50 (Tex. App.—Houston [1st Dist.] 2011, no pet.), in which the jury was instructed that it could find the defendant guilty of continuous sexual abuse of a child if two or more acts of sexual abuse occurred "on or about the 1st day of December, 2007, through the 1st day of September, 2008, *which said time period being*

*a period that was 30 days or more in duration."* (Emphasis added). The *Smith* court held that the instruction was erroneous because it allowed the jury to find the defendant guilty regardless of whether the acts occurred at least 30 days apart. *Id.* at 50-51.

The charge before us, however, did not define the time period at issue as a period of 30 days or more in duration as occurred in *Smith*. Here, the application paragraph tracked the statutory language of section 21.02(b), and instructed the jury that it could find Quintero guilty if he committed two or more acts of sexual abuse against D.B., A.V., and D.V. during a period that was 30 days or more in duration. *See* TEX. PENAL CODE ANN. § 21.02(b); *see also Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) (jury charge tracking language of statute is proper because "[f]ollowing the law as it is set out by the Texas Legislature will not be deemed error on the part of a trial judge"). This Court recently analyzed a similarly-worded jury charge and held that it was not analogous to that in *Smith*. *Knowles v. State*, No. 04-12-00180-CR, 2013 WL 1149063, at *4-5 (Tex. App.—San Antonio Mar. 20, 2013, pet. ref'd) (mem. op., not designated for publication). Because the jury charge at issue tracked the applicable statutory language and accurately set out the law applicable to the offense of continuous sexual abuse of a child, we conclude the trial court did not err in instructing the jury. *See id.* at *5. Quintero's first issue is therefore overruled.

## OUTCRY WITNESSES

In his second and third issues, Quintero contends that the trial court erred in allowing Carlos Barragan and Maria Villarreal to testify as outcry witnesses. Certain hearsay statements are admissible in the prosecution of the offense of continuous sexual abuse of a young child. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 1 (West Supp. 2014); *see* TEX. PENAL CODE ANN. §§ 21.02(b), (c)(4); 22.021 (West Supp. 2014). The admissible "outcry" statements are those (1) "that describe the alleged offense" and (2) were made by the child against whom the offense was

- 4 -

allegedly committed and (3) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a)(1), (2), (3) (West Supp. 2014).

A proper outcry witness is the first adult to whom the complainant makes a statement that "in some discernible manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The statement "must be more than words which give a general allusion that something in the area of child abuse was going on." *Id.*; *Reed v. State*, 974 S.W.2d 838, 841 (Tex. App.—San Antonio 1998, pet. ref'd) (statement must be more than "a general allegation of sexual abuse"). Moreover, the child victim's statement to the outcry witness must describe the alleged offense, not just any offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(1)(A).

We review the trial court's determination that an outcry statement is admissible under article 38.072 for abuse of discretion. *Garcia*, 792 S.W.2d at 92; *Knowles*, 2013 WL 1149063, at *1-2. "[A] trial court has broad discretion in determining the admissibility of such evidence. The exercise of that discretion will not be disturbed unless a clear abuse of discretion is established by the record." *Garcia*, 792 S.W.2d at 92. A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012) (reviewing motion for new trial for ineffective assistance of counsel). Under this deferential standard of review, we view the evidence in the light most favorable to the trial court's ruling and will not substitute our judgment for that of the trial court. *Id.* Further, we must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.*

Maria Villarreal is the mother of A.V. She testified that sometime in 2011, A.V. told her that Quintero touched his penis. Villarreal was not sure what month it was when A.V. outcried, but stated that it was probably May or June as they were coming back from Corpus Christi. The defense objected to Villarreal's designation as the outcry witness on the basis that she did not know

when the outcry occurred. The court overruled the objection and found Villarreal qualified under article 38.072.

Carlos Barragan is the father of D.B. Barragan testified that D.B. told him that Quintero showed him pornography while his mother was in the shower. D.B. also said that Quintero wanted to perform oral sex on him, and that Quintero asked D.B. to perform oral sex on him. Barragan testified that D.B. told him those acts occurred. On cross-examination, Barragan could not recall when the outcry occurred. The defense objected to Barragan's designation as the outcry witness because he could not recall details of the outcry. The trial court overruled the objection, and found Barragan qualified to testify under article 38.072.

On appeal, Quintero argues that Villarreal and Barragan were not proper outcry witnesses because their statements do not describe acts that were alleged to have been committed by Quintero and give no indication of the continuing nature and duration of the acts. He argues that their statements constituted nothing more than words giving a "general allusion that something in the area of child abuse occurred." The State responds that Quintero's complaints on appeal do not comport with the objections made at trial. We agree. At trial, Quintero objected on the basis that both witnesses did not know exactly when the outcry occurred, yet on appeal, his complaint is that the outcry witnesses failed to specifically describe the acts alleged in the indictment against him. The objection made at trial must comport with the error complained of on appeal. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1 (error must be preserved by making complaint to trial court stating specific grounds for complaint). Because Quintero's objections at trial did not comport with his complaints on appeal, he has not preserved his second and third issues for our review. Accordingly, we overrule Quintero's second and third issues.

## COMPETENCY OF CHILD COMPLAINANTS

In his last three issues, Quintero argues that the trial court erred in determining that the child complainants, A.V., D.B., and D.V., were competent to testify. A trial court's determination of whether a child witness is competent to testify will not be disturbed on appeal absent an abuse of discretion. *Broussard v. State*, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995); *De Los Santos v. State*, 219 S.W.3d 71, 80 (Tex. App.—San Antonio 2006, no pet.). We review the child's entire testimony, including his or her responses to qualification questions, to determine whether the trial court's ruling on competency constituted an abuse of discretion. *De Los Santos,* 219 S.W.3d at 80-81. A trial court does not abuse its discretion if its ruling was within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

A child is competent to testify unless it appears to the court that the child does not possess sufficient intellect to relate the transactions with respect to which the child is interrogated. TEX. R. EVID. 601(a)(2); *Broussard*, 910 S.W.2d at 960; *De Los Santos*, 219 S.W.3d at 80-81. When a party challenges the competency of a child witness, the trial court will consider whether the child witness possesses (1) the ability to intelligently observe the events in question at the time of the occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate the events. *See Hogan v. State*, 440 S.W.3d 211, 213-14 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The third element involves the ability to understand the moral responsibility to tell the truth, to understand the questions posed, and to frame intelligent answers. *See id.* at 214. Confusing and inconsistent responses from a child are not reasons to determine he or she is incompetent to testify; rather, they speak to the credibility of the testimony. *In re A.W.*, 147 S.W.3d 632, 635 (Tex. App.—San Antonio 2004, no pet.). The trial court's role is to make the initial determination of competency, not to assess the credibility or weight to be given the testimony. *Id.*

- 7 -

The trial court conducted a competency hearing outside the presence of the jury to determine whether each child was competent to testify on behalf of the State. A.V. was eleven years old at the time of trial. He demonstrated that he knew the difference between the truth and a lie, and promised to only tell the truth. D.B. was ten years old at the time of trial. He, too, explained the difference between the truth and a lie, and promised to only tell the truth. D.V. was seven years old at the time of trial. She demonstrated an understanding of the difference between right and wrong and promised to tell the jury what is "real." Thus, each child demonstrated that they had the capacity to narrate events, understand the difference between the truth and a lie, and understand their obligation to tell the truth.

Further, the children's testimony during trial indicated they each had the ability to intelligently recall and narrate the events, understand the difference between the truth and a lie, and understand their moral responsibility to tell the truth. Any inconsistencies in the children's testimony about the specific incidents goes to their credibility, not their competency to testify. *De Los Santos*, 219 S.W.3d at 81; *In re A.W.*, 147 S.W.3d at 635. Based on their answers to the qualification questions and their testimony as a whole during the proceedings, we conclude the trial court did not abuse its discretion in determining that the children were competent to testify. *See Upton v. State*, 894 S.W.2d 426, 429-31 (Tex. App.—Amarillo 1995, pet. ref'd); *Dufrene v. State*, 853 S.W.2d 86, 88 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (noting that a child no longer needs to understand the "obligation of the oath," but simply the duty to be truthful). Quintero's final issues are, therefore, overruled.

CONCLUSION

Based on the foregoing reasons, we overrule all of Quintero's issues. Because the judgment erroneously recites that Quintero was convicted under section "22.02"[2] of the Penal Code, we correct the clerical error and modify the trial court's judgment to reflect that Quintero was convicted under section "21.02" of the Penal Code. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014). As modified, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice

Do Not Publish

---

[2] *See* TEX. PENAL CODE ANN. § 22.02 (West Supp. 2014) (aggravated assault).